UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTONIO HARRIS,                      )
                                     )
              Movant,                )
                                     )
       v.                            )  No.  4:11-CV-1461 (CEJ)
                                     )
UNITED STATES OF AMERICA,            )
                                     )
              Respondent.            )

## MEMORANDUM

This matter is before the court on the motion of Antonio Harris to vacate, set

aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  The United States has filed

a response in opposition.  Also before the court is Harris's motion requesting the court

to take judicial notice of and to apply two cases decided by the United States Supreme

Court.

### I.  Background

Following a jury trial, Harris was found guilty of possession of a firearm and

ammunition as a previously convicted felon (Count I), in violation of 18 U.S.C. §

922(g).  The evidence established that Harris, armed with a handgun, entered a public

park in St. Louis during the afternoon of August 29, 2008 and began shooting,

ultimately injuring four people.  At one point, Harris knelt down to steady himself while

he fired at one of the people in the park.  One of the victims was a 13-year-old boy

whom Harris shot four times as he was running for safety and who suffered permanent

injuries. There was testimony that the shooting was prompted by Harris's belief that

some of the individuals in the park had been selling drugs near the home where his children lived.   The maximum term of imprisonment for Count I was ten years.

Approximately one month after the trial, Harris pled guilty to a charge of possession of marijuana in a superseding information (Count II), in violation of 21 U.S.C. § 844(a).  Because of his prior felony conviction for possession of a controlled substance, Harris faced an enhanced penalty of two years' imprisonment.[1]

On June 29, 2010,  Harris was sentenced to consecutive terms of imprisonment of 120 months and 24 months, respectively.  The judgment was affirmed on appeal. United States v. Harris, 636 F.3d 1023 (8th Cir. 2011).

## II.  Discussion

In the motion to vacate, Harris asserts five grounds for relief.  For the reasons set forth below, the court concludes that none of his claims have merit.

### A.  Ground One

Harris's first claim is that the court abused its discretion by ordering the sentence on Count II to run consecutively to the sentence on Count I. Harris entered into a plea agreement in which contained the following provision:

> **Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count II of the Criminal Information the government agrees to amend Count II to the charge of possession of marihuana pursuant to Title 21, Section 844(a).  The government will seek to enhance Defendant's sentence on Count II pursuant to Title 21, Section 851(a)(1), based upon Defendant's prior suspended imposition of sentence previously imposed on a felony possession of a controlled substance in 2002 The government will**

---

[1]Section 844(a) provides for a maximum term of imprisonment of one year, except that if the defendant violates the statute after a prior federal or state drug conviction then the sentence of imprisonment to be imposed is not less than 15 days and not more than two years.

- 2 -

> argue that Defendant should be sentenced to two years of imprisonment on Count II and that this sentence should run consecutive to the sentence imposed on Count I of the superceding indictment.
>
> United States v. Antonio Harris, Cause No. 4:09-CR-535 (CEJ), Doc. No. 107, p. 2 (plea agreement).

During the guilty plea hearing, Harris stated under oath that he had read the plea agreement, discussed it with his lawyer, and understood it. Specifically, Harris testified that he understood that the government intended to enhance the sentence based on his prior felony drug conviction and, as a result, he faced a maximum sentence of two years' imprisonment on Count II. He further testified that he understood there was a possibility of consecutive sentencing and that he could receive a sentence of 144 months' imprisonment. Id., Doc. No. 128, pp. 281-307 (transcript of change of plea hearing).

Under the sentencing guidelines, the applicable range of imprisonment was 235-293 months, well above the statutory maximum for both offenses. After considering the violent nature of Harris's conduct, his history and characteristics, the injuries he caused, and the information in the presentence investigation report, the court concluded that an aggregate sentence of 144 months' imprisonment was appropriate to address the sentencing objectives of punishment, deterrence, and incapacitation. Id., pp. 318-321 (transcript of sentencing hearing).

Section 3584(b) of Title 18, U.S. Code, provides that in determining whether to impose consecutive or concurrent terms of imprisonment, the court is required to consider the factors set forth in 18 U.S.C. § 3553(a). As the record amply bears out, the court gave proper consideration to the relevant sentencing factors under §

3553(a).  In the instant motion, Harris offers no factual or legal support for his claim that the court abused its discretion by imposing consecutive sentences. Harris is not entitled to relief on this claim.

### B.  Ground Two

Harris's second claim is that the 24-month sentence on Count II was illegal.  As discussed above, Harris knew that he could be sentenced to a two-year term of imprisonment for Count II because the government gave notice of its intention to seek the enhanced penalty by reason of Harris's prior felony drug conviction.  Under these circumstances, the two-year term of imprisonment was authorized by statute.  21 U.S.C. § 844(a).  Harris is not entitled to relief on this claim.

### C.  Ground Three

In his third claim, Harris challenges his conviction on Count I on jurisdictional grounds.  He argues that 18 U.S.C. § 922(g)

Harris's argument has been consistently rejected by Eighth Circuit.   Thus, in United States v. Joos, 638 F.3d 581 (8th Cir. 2011), involving a prosecution for felon in possession of a firearm, ammunition, and an explosive, in violation of 18 U.S.C. §§ 922(g)(1) and 842(i)(1), the court wrote:

> Turning first to Joos' facial attack on his statutes of conviction, it is well settled that Congress did not violate the Second Amendment or exceed its authority under the Commerce Clause when enacting § 842(i) and § 922(g), and Joss' arguments to the contrary are foreclosed by our prior decisions. *See e.g., United States v. Folen*, 84 F.3d 1103, 1104 (8th Cir. 1996)(upholding § 842(i) against Commerce Clause challenge); *United States v. Waller*, 218 F.3d 856, 857 (8th Cir. 2000)(upholding § 842(i) under Second Amendment); *United States v. Hill*, 386 F.3d 855, 859 (8th Cir. 2004) (upholding § 922(g) against Commerce Clause challenge); *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010) (upholding § 922(g) under Second Amendment).

Id. at 586.   Further, the government proved at trial that the firearm and ammunition that Harris possessed had been manufactured outside of Missouri.   Such proof "is sufficient to satisfy the interstate commerce requirements of § 922(g) . . ."  Id. (citation omitted).   Harris is not entitled to relief on this claim.

### D.  Ground Four

As his fourth claim, Harris asserts that his sentence on Count I was illegal in that it exceeded the sentencing guideline range.  Citing to U.S.S.G. § 2K2.1(a)(7), Harris contends that the base offense level for the felon in possession charge was 12 and that his guideline range was 12-18 months. Harris is incorrect.   Because he used the firearm in the commission of attempted murder, the provisions of U.S.S.G. §§ 2K2.1(c)(1)(A) and 2X1.1 applied.   The latter guideline directed the application of U.S.S.G. § 2A2.1 (Assault with Intent to Commit Murder; Attempted Murder), which established a base offense level of 33.     Harris's total offense level was 37 and his criminal history category was II, resulting in a range of 235-293 months.  Because that range exceeded the statutory maximum sentence of imprisonment, the guideline range became 120 months for Count I.  Harris was sentenced within that range.  He is not entitled to relief on this claim.

### E.  Ineffective Assistance of Counsel

None of the claims Harris asserts in the instant motion were raised on appeal, although they could have been.[2]  A motion to vacate is not a substitute for a direct appeal.  See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United

---

[2]On direct appeal, Harris challenged the admissibility of the eyewitness identification evidence and the sufficiency of the evidence to sustain the jury's verdict.

States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v. Frady, 456 U.S. 152 (1982)]. Absent a showing of cause and prejudice, a movant cannot assert a claim in a § 2255 proceeding that could have been asserted on appeal. Id. In order to show cause, the movant must establish that "some objective factor external to the defense" impeded his ability to present his claim on appeal. McCleskey v. Zant, 499 U.S. 467, 493 (1991)[*quoting* Murray v. Carrier, 477 U.S. 478, 488 (1986)]. Ineffective assistance of counsel or a showing of actual innocence may constitute cause sufficient to exempt a movant from the procedural bar. Id. at 494.

Harris alleges that he was denied effective assistance of counsel by reason of his attorney's failure to argue the claims he asserts in the instant motion. To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. As to the second Strickland prong, in order to show prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

As discussed above, none of the claims Harris asserts in the instant motion would have been successful had his attorney presented them at the trial or appellate stage of the proceedings.  Certainly, defense counsel cannot be faulted for failing to make arguments that lacked merit.  Harris cannot demonstrate that the outcome of the proceedings would have been different but for defense counsel's actions.  Thus, Harris has shown neither unreasonableness nor prejudice.

### F.  Motion for Application of <u>Alleyne</u> and <u>Peugh</u>

Finally, Harris asks that the court take judicial notice of and apply two recent cases decided by the United States Supreme Court.  In <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S.Ct. 2151 (2013), the Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  <u>Id</u>. at 2155.  At trial, the jury found beyond a reasonable doubt that Harris possessed both a firearm and ammunition.  <u>United States v. Antonio Harris</u>, Cause No. 4:09-CR-535 (CEJ), Doc. No. 90 (verdict)  There were no facts that the court considered that increased the penalty for the felon in possession offense.  The <u>Alleyne</u> decision is inapplicable here.

In <u>Peugh v. United States</u>, ___ U.S. ___, 133 S.Ct. 2072 (2013), the Court held that an *ex post facto* violation occurs "when a defendant is sentenced under [U.S. Sentencing] Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense."  <u>Id</u>. at 2078.   Harris committed the crimes in 2008 and the 2009 edition of the Sentencing Guidelines Manual was used to determine his

guideline imprisonment range.  The applicable guidelines in the 2008 Manual are the same.    Thus, the <u>Peugh</u> decision has no bearing on Harris's case.

### III. Conclusion

For the foregoing reasons, the court concludes that motion and the files and records of this case show that Harris is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate.  Therefore, the motion will be denied without a hearing. <u>See</u> <u>Engelen v. United States</u>, 68 F.3d  238, 240 (8th Cir. 1995). Additionally, the court finds that Harris has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2014.